UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SEAN J. GANNON,

    Plaintiff,

vs.

CLARK & ROBB, P.A.,

    Defendant.
_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, SEAN J. GANNON, sues the Defendant, CLARK & ROBB, P.A., Florida professional association and for his causes of action, declares and avers as follows:

1. Plaintiff, SEAN J. GANNON, is a former employee of Defendant, and brings this action for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter referred to as "the FLSA").

2. Plaintiff is a resident of Palm Beach County, Florida, and within the jurisdiction of this Court.

3. Defendant, CLARK & ROBB, P.A., is a Florida professional association authorized to do business and doing business in the state of Florida and is within the jurisdiction of this Court.

4. This action is brought to recover from the Defendant unpaid wages, including but not limited to overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq*., and specifically under 29 U.S.C. § 216(b), as well as for

unpaid wages in the form of unpaid vacation pay.

5. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1367(a) and by 29 U.S.C. § 216(b).

6. At all times material hereto, the Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

7. At all times material hereto, during his employment with Defendant, Plaintiff was engaged in interstate commerce.

8. At all times material hereto, Defendant failed to properly pay Plaintiff in that Plaintiff, while employed by Defendant, performed hours of service for Defendant, including but not limited to in excess of forty (40) during one or more workweeks, for which Defendant failed to properly pay wages, including but not limited to overtime compensation.

9. In the course of his employment with Defendant, Plaintiff worked the number of hours required of him, including but not limited to many times in excess of forty (40), but was not properly paid wages, including but not limited to overtime compensation.

10. In fact, the time records maintained by Plaintiff and Plaintiff's payroll records reflect a significant amount of overtime hours worked for which he was not paid overtime compensation during the applicable period of time (*i.e.*, 2007 through 2010).

11. The pay practices of the Defendant, as described in the above paragraphs, violated the FLSA by failing to properly pay wages, including but not limited to overtime compensation, to Plaintiff.

12. Defendant owes Plaintiff wages, including but not limited to overtime compensation.

13. The pay practices of Defendant as described in the above paragraphs

violated the FLSA by failing to properly pay overtime to Plaintiff.

14. In addition, although Defendant's employment manual provides that Defendant will buy back any unused vacation days at a half-time rate, Defendant failed to compensate Plaintiff for his unused vacation days from 2006 through 2009.

## COUNT I - RECOVERY OF UNPAID OVERTIME

15. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

16. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations.

17. By reason of the willful and unlawful acts of the Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

18. As a result of the Defendant's violation of the Act, Plaintiff is entitled to liquidated damages in an amount equal to that which she is owed as unpaid overtime.

WHEREFORE, Plaintiff, SEAN J. GANNON, demands judgment against Defendant for the overtime wages due him, liquidated damages, reasonable attorneys' fees and costs of suit, and all other relief the Court deems just and proper.

## COUNT II - ACTION FOR UNPAID WAGES

19. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 5 and 14 above as if fully set forth herein.

20. This is an action for unpaid wages.

21. Pursuant to the terms of Defendant's Employment Manual and company policy, if an employee does not take all of the paid leave time allotted to him during the

year (*i.e.*, PTO), Defendant will buy back the time at one-half the value.

22. Despite and notwithstanding same, Defendant failed to buy back Plaintiff's unused PTO/vacation time at any time from 2006 through 2009.

23. As a direct and proximate result of Defendant's action, Plaintiff has suffered damages.

24. At all times material hereto, the vacation pay which Plaintiff is owed constituted "wages."

WHEREFORE, Plaintiff, SEAN J. GANNON, demands judgment against Defendant for the wages and payments due him for his unpaid PTO for which he has not been properly compensated, reasonable attorneys' fees pursuant to Fla. Stat. § 448.08, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:  November 22, 2010        Respectfully submitted,
        Boca Raton, FL

                                 *s/ Robin I. Frank*
                                 ROBIN I. FRANK, ESQ.
                                 Florida Bar No. 0649619
                                 E-mail: rifrank@sbwlawfirm.com
                                 SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
                                 7777 Glades Road, Suite 400
                                 Boca Raton, FL  33434
                                 Telephone:   (561) 477-7800
                                 Facsimile:    (561) 477-7722
                                 Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 22, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF and upon Defendant's registered agent, via original service of process.

                                          *s/ Robin I. Frank*
                                          ROBIN I. FRANK, ESQ.

## **SERVICE LIST**

Sean J. Gannon v. Clark & Robb, P.A.
Case No.
United States District Court, Southern District of Florida

Robin I. Frank, Esq.
E-mail: rifrank@sbwlawfirm.com
Shapiro Blasi Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone:   (561) 477-7800
Facsimile:    (561) 477-7722
Counsel for Plaintiff
*Via CM/ECF*

James K. Clark, Esq.
Clark & Robb, P.A.
Biscayne Building
14th Floor
19 W. Flagler Street
Miami, FL 33130
Registered Agent for Defendant
*Via Original Service of Process*