UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81506-CIV-MARRA/JOHNSON

SEAN J. GANNON,

Plaintiff,

vs.

CLARK & ROBB, P.A.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Strike Defendant's Affirmative Defenses (DE 15).  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On November 22, 2010, Plaintiff Sean J. Gannon ("Plaintiff") filed a Complaint against Defendant Clark & Robb, P.A. ("Defendant") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") (count one) and an action for unpaid wages (count two) (DE 1).  Plaintiff alleges that he was not properly paid wages, including overtime compensation and that the time records reflect overtime hours worked for which he was not paid from 2007 through 2010. (Compl. ¶ ¶ 9-10.)  Plaintiff also alleges that in violation of the employee manual, Defendant failed to buy back Plaintiff's unused paid time off from 2006 through 2010. (Compl. ¶ ¶ 14, 22.)

Along with its Answer, Defendant asserted numerous affirmative defenses, including the

following:

>   **Third Affirmative Defense**
>
>   Some or all of Plaintiff, Sean J. Gannon's claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.
>
>   **Twelfth Affirmative Defense**
>
>   At all times material hereto, any alleged overtime worked by Plaintiff was done in violation of this Defendant's policies and requirements that any overtime be approved by a partner of the firm.

Plaintiff moves to strike these affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[1]

In his motion, Plaintiff argues that the third affirmative defense is "frivolous" and must be stricken because "Defendant fails to explain how or why Plaintiff's claims are barred by the applicable statute of limitations." (Mot. at 4.) With respect to the twelfth affirmative defense, Defendant contends that it too must be stricken because overtime pay is required, regardless of whether the overtime pay was authorized as long as Plaintiff worked these hours and the employer had constructive knowledge of the same. (Mot. at 9.) In response, Defendant asserts that these two affirmative defenses should be allowed to stand, or alternatively, Defendant should be granted leave to set forth these two affirmative defenses more clearly. (Resp. at 1.)

With respect to Affirmative Defenses Three and Twelve, the Court finds that they have not been pled with adequate specificity to give fair notice of the defenses asserted. That failure,

---

[1] Initially, Plaintiff moved to strike Defendant's second, fourth, seventh, eighth, tenth, eleventh, thirteenth and fourteenth affirmative defenses as well. Defendant's response to the motion, however, concedes that these affirmative defenses are insufficient and requests leave to amend these affirmative defenses. (Resp. at 1.) The Court will permit Defendant leave to amend and will address only arguments made with respect to the third and twelfth affirmative defenses.

however, does not render these affirmative defenses insufficient as a matter of law and subject to a motion to strike. Instead, the lack of specificity is best dealt with under Rule 12(e) of the Federal Rules of Civil Procedure. That Rule requires a more definite statement when a pleading is "vague" or "ambiguous." Fed. R. Civ. P. 12(e); see Advance Concrete Materials, LLC v. Con-Way Freight, Inc., No. 09-80460-CIV, 2009 WL 2983265, at * 2 (S.D. Fla. Sept. 11, 2009); Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008)

Turning first to Affirmative Defense Three, Plaintiff argues that this affirmative defense does not explain how or why Plaintiff's claims are barred by the statute of limitations. Plaintiff notes that this action was filed on November 22, 2010, his employment ended in 2009, and the statute of limitations under FLSA is either two years or three years if there is a finding that Defendant's failure to pay was willful. See 29 U.S.C. § 255(a). Defendant responds that it can properly assert a statute of limitations affirmative defense because the Complaint alleges that there was a failure to pay Plaintiff for the time period of 2006 through November of 2007.

A careful reading of the Complaint shows that the allegations surrounding the year 2006 do not pertain to the FLSA claim, but the Florida law claim for unpaid wages. (Compl. ¶¶ 14, 22.) The FLSA claim pertains to the time period of 2007 through 2010. (Compl. ¶ 10.) What is unclear from the affirmative defense is whether Defendant seeks to lodge a statute of limitations affirmative defense with respect to the FLSA claim, the Florida law claim for unpaid wages or both. Without sufficient clarity on this issue, this affirmative defense must be stricken. Defendant is granted leave to re-plead this affirmative defense to remedy this ambiguity.

With respect to Affirmative Defense Twelve, Plaintiff contends it must be stricken because if Plaintiff worked these hours and Defendant had constructive knowledge of these hours worked,

3

then overtime pay is required, even if the overtime hours were incurred without authorization. (Mot. at 9.)  In response, Defendant notes that Plaintiff's argument assumes Defendant had constructive knowledge of Plaintiff's overtime hours.  Defendant, however, seeks to preserve his defense as to the lack of actual or constructive knowledge.  See, e.g., Laplante v. Terraces of Lake Worth Rehab. and Health Ctr., 725 F. Supp. 2d 1358 (S.D. Fla. 2010) citing Allen v. Board of Public Educ. for Bibb Cty., 495 F.3d 1306, 1319 (11th Cir. 2007) (where an employee performs uncompensated work while deliberately preventing his employer from learning about it, there is no FLSA violation).  This affirmative defense does not clearly articulate that the basis of Defendant's affirmative defense rests on the lack of actual or constructive knowledge.  As it is currently pled, this affirmative defense encompasses overtime worked by Plaintiff with Defendant's constructive knowledge. See Allen, 495 F. 3d at 1321 ("if an employer had an opportunity to acquire knowledge of an employee's work by using reasonable diligence, then the employer can be charged with constructive knowledge).  As such, Affirmative Defense Twelve is stricken.  Defendant is granted leave to amend this affirmative defense to allow it to comply with the law as set forth herein.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (DE 15) is **GRANTED IN PART AND DENIED IN PART**. Defendant is granted leave to amend Affirmative Defenses two, three, four, seven, eight, ten, eleven, twelve, thirteen and fourteen in accordance with this Order. The amendments shall be filed **within**

**10 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of April, 2011.

_____
KENNETH A. MARRA
United States District Judge